UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHASTIDI CORREA,
an individual,

    Plaintiff,

vs.                                                CASE NO.:

PARPAC LLC,
a California Limited Liability Company,

    Defendant.
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, CHASTIDI CORREA, by and through her undersigned counsel, hereby files this Complaint and sues PARPAC LLC, a California Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

3. Plaintiff, CHASTIDI CORREA, (hereinafter referred to as "Ms. Correa") is a resident of the state of Florida in Broward County.

1

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff was severely injured in a workplace accident in 2012 affecting her lower back and elbow. As a result, she is permanently disabled.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and often utilizes a walker for mobility.[1]

6. Defendant PARPAC LLC, (hereinafter referred to as "Defendant") is a California Limited Liability Company, registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements which are the subject of this action, to wit: the "Property", known as Kentucky Fried Chicken, generally located at 6725 W. 28th Ave, Hialeah, FL 33016 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Florida in Miami-Dade County.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a fast-food restaurant, is a place of public accommodation subject to the ADA.

---

[1] Plaintiff is capable of walking short distances without assistance on good days.

10. Plaintiff has visited the Property discussed herein numerous times over the past year and most recently visited earlier this month. Moreover, she has continuing plans to visit the Property when she is in the area in the near future despite the access issues.

11. During all of her visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would like to visit the Property more often.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property but fears that she will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered her access:

    A. Plaintiff personally encountered inaccessible parking designated for disabled use due to severe slopes well in excess of 1:48 inside the parking spaces and a drainage grate which further exacerbates the poor condition of one of the spaces. Additionally, there is a large built-up curb ramp which obstructs the shared access aisle of the two (2) disabled use parking spaces and causes slopes well in excess of 1:48. These conditions made it more difficult and dangerous for Plaintiff to park and safely transfer out of her vehicle and increased her risk of a fall.

3

  B. Plaintiff personally encountered inaccessible parking spaces designated for disabled use due to signage which is mounted too low where it can be obscured by parked vehicles and which is extremely faded and not legible. This issue made it more difficult and confusing for Plaintiff to locate and park in a disabled use parking space.

  C. Plaintiff personally encountered an inaccessible curb ramp (same as noted above) leading from the disabled use parking spaces to the property sidewalk due to excessive running slopes, steep side flares and pavement in disrepair on the ramp. These conditions caused Plaintiff to use extra caution when maneuvering over the ramp and increased her chances of a fall.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of her intent to return as a patron, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A.    That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

    B.    That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

    D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

    E.    That this Court awards such other and further relief as it deems necessary, just and proper.

Date: August 15, 2022.

Respectfully Submitted,
KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: */s/ Louis Mussman*
Louis Mussman, Esq.
(FL Bar # 597155)
Brian T. Ku, Esq.
(FL Bar #: 610461)